Filed 3/30/22  P. v. Barragan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C093651 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2002-0009689, SF087807D) |
| v. | |
| VICTOR BARRAGAN, | |
| Defendant and Appellant. | |

Defendant Victor Barragan was convicted of murder and several other offenses based on his participation in an attempted home invasion robbery.  He petitioned the trial court for resentencing under Penal Code[1] section 1170.95 based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437).  The trial court denied defendant's petition, finding the record established defendant was

---

[1]  Undesignated statutory references are to the Penal Code.

1

ineligible for resentencing because the jury found true two special circumstance enhancement allegations. On appeal, defendant argues the trial court erred in summarily denying his petition. We disagree and affirm.

LEGAL AND FACTUAL BACKGROUND

Defendant and three codefendants participated in a home invasion robbery, during which the 14-year-old victim was shot and killed. (*People v. Barragan et al.* (Sept. 17, 2008, C049845) [nonpub. opn.] (*Barragan*).)[2] The jury found defendant guilty of several offenses and found true associated special allegations and enhancements including murder (§ 187) with the special circumstances of attempted robbery felony murder and attempted burglary felony murder (§ 190.2, subd. (a)(17)(A), (G)), with intentional discharge of a firearm (§ 12022.53, subds. (d) & (e)(1)).[3]

The trial court sentenced defendant to life without the possibility of parole for murder with special circumstances, plus 25 years to life for the firearm discharge enhancement, with an additional aggregate 13-year term.

On appeal, this court struck the imposition of a 10-year gang enhancement, and affirmed the judgment as modified. (*Barragan, supra*, C049845.)

In 2019, defendant filed a petition for resentencing under section 1170.95. The trial court issued a written ruling summarily denying the petition, finding that because

---

[2] On our own motion, we take judicial notice of our opinion affirming the judgment of conviction and sentence in defendant's direct appeal. (Evid. Code, §§ 459, subd. (a), 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

[3] Defendant was also convicted of burglary (§ 459) with a personal firearm use enhancement (§ 12022.5, subd. (a)); attempted home invasion robbery (§§ 664, 211) with enhancements for the intentional discharge of a firearm (§ 12022.53, subds. (d) & (e)(1)) and for committing the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)); and being a felon in possession of a firearm (§ 12021, subd. (a)). (*Barragan, supra*, C049845.) However, neither these convictions, nor defendant's sentence related to them, are relevant to this appeal.

2

two special circumstance murder allegations were found true by the jury after the jury was instructed it could only find those circumstances to be true if defendant was proved to be, beyond a reasonable doubt, either an aider and abettor with intent to kill or a major participant who acted with reckless disregard for human life, defendant was not eligible for resentencing. Defendant did not appeal this ruling.

In 2020, defendant filed a new petition for resentencing under section 1170.95. In the petition defendant asserted, inter alia, that he was not an aider and abettor with intent to kill and was not a major participant in the felony or acted with reckless indifference to human life. Without appointing counsel or entertaining argument, the trial court denied the petition, referring to its prior denial order. Defendant timely appealed.

DISCUSSION

I

*Section 1170.95 Petition*

Defendant argues that in relying on the jury's special circumstance findings to determine defendant's ineligibility under section 1170.95, the trial court improperly relied on evidence in the record of conviction and engaged in impermissible factfinding at the prima facie stage. In supplemental briefing, defendant also contends that in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*) and Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775) the trial court erred in summarily denying his petition without first appointing counsel and argues that the applicability of the "substantial evidence test" is inappropriate at the prima facie stage. Defendant contends that the proper remedy is to remand the cause to the trial court to conduct an evidentiary hearing under section 1170.95, subdivision (d). We disagree.

A. *Eligibility for Relief with Special Circumstances Present*

Senate Bill 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate the natural and probable consequences doctrine, as it relates to murder. (Stats. 2018, ch. 1015, § 4; *People v. Superior Court*

3

*(Gooden)* (2019) 42 Cal.App.5th 270, 275.)  To that end, Senate Bill 1437 amended sections 188 and 189 and added section 1170.95.

Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder.  As relevant here, a participant in the perpetration or attempted perpetration of a felony listed in subdivision (a), defining first degree murder, in which a death occurs is liable for murder if the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2.  (Stats. 2018, ch. 1015, § 3.)

Section 190.2, subdivision (d) provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery and burglary, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *People v. Banks* (2015) 61 Cal.4th 788, 798.)  Thus, on its face, a special circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill 1437.  (§ 189, subd. (e).)

Here, defendant's jury was instructed on CALJIC No. 8.80.1, which required the jury to find beyond a reasonable doubt that defendant was either an aider and abettor with intent to kill or was a major participant in the burglary or robbery and acted with reckless indifference to human life.  The jury found this allegation to be true with respect to defendant's participation in both the attempted robbery felony murder and the attempted burglary felony murder.  Defendant argues that the jury's special circumstance findings are not entitled to any weight because, since his conviction, the Supreme Court clarified the analysis as to who qualifies as a major participant acting with reckless indifference to human life in *People v. Banks, supra*, 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.  Defendant claims that because the jury did not consider the facts of his case under the clarified analysis, the special circumstance findings cannot render him ineligible for relief as a matter of law.  Instead, his petition must advance to an

4

evidentiary hearing for such a review. The People respond that because the jury's special circumstance findings established all of the facts necessary for a conviction under the newly amended law and relief under section 1170.95 is predicated on a successful challenge to that finding through a habeas corpus petition, the trial court did not err in denying the petitioner relief as a matter of law. We agree with the People.

As both parties acknowledge, there is a split of authority on whether a true felony-murder special circumstance finding under section 190.2, subdivision (a)(17) should preclude a defendant from making a prima facie showing of entitlement to relief if that finding predated the decisions in *Banks* and *Clark* or whether such a defendant must first seek relief through a habeas corpus petition before filing a section 1170.95 petition. (Compare, e.g., *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted Oct. 14, 2020, S264284; & *People v. Allison* (2020) 55 Cal.App.5th 449 [concluding the special circumstance finding renders a petitioner ineligible for relief as a matter of law and defendants seeking relief on the basis of *Banks*/*Clark* must do so through habeas corpus], with *People v. Harris* (2021) 60 Cal.App.5th 939, review granted Apr. 28, 2021, S267802; & *People v. Secrease* (2021) 63 Cal.App.5th 231 [reaching the opposite conclusion], review granted June 30, 2021, S268862.) Our Supreme Court is now poised to resolve this question, having granted review of the nonpublished opinion in *People v. Strong* (Dec. 18, 2020, C091162) on March 10, 2021, S266606.

Until we receive further guidance from the California Supreme Court, we find *Galvan* and *Allison* more persuasive on this issue than the cases to the contrary. In light of this, we reject defendant's attempts to challenge these factual findings through the process under section 1170.95. The statute clearly indicates that eligibility for relief under section 1170.95 is contingent upon a defendant showing he or she "could not presently be convicted of murder or attempted murder" due to changes to sections 188 or 189, not based on clarifications to the law made in *Banks* and *Clark*. (§ 1170.95, subd. (a)(3), as amended by Stats. 2021, ch. 551, § 2; *People v. Galvan, supra*, 52 Cal.App.5th

5

at p. 1142, review granted; *People v. Allison, supra*, 55 Cal.App.5th at pp. 456-457.)  As explained in *Allison*, "Nothing in the language of section 1170.95 suggests it was intended to provide redress for allegedly erroneous prior factfinding.  In particular, subdivision (a)(3) of section 1170.95 says nothing about erroneous prior findings or the possibility of proving contrary facts if given a second chance.  Rather, it requires that the petitioner could not be convicted of murder *because of the changes to sections 188 and 189*, not *because a prior fact finder got the facts wrong*.  The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*Allison*, at p. 461.)

Because the jury's true findings on the special circumstances preclude defendant from showing that he could not now be convicted of first degree felony murder following the changes brought about by Senate Bill 1437, the trial court did not err in determining he was ineligible for relief.

### B.  Procedural Compliance

Section 1170.95 permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person. (§ 1170.95, subd. (a).)  In *Lewis, supra,* 11 Cal.5th 952, our Supreme Court clarified the procedures created through section 1170.95.  In particular, the court concluded that section 1170.95, subdivision (c) describes a single prima facie process wherein:  "[A] complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one (not two) prima facie determination." (*Lewis*, at p. 966.)

The *Lewis* court further held that after counsel has been appointed and the parties have had the opportunity for briefing, the trial court may "consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' " (*Lewis, supra*, 11 Cal.5th at p. 957, quoting § 1170.95, former

6

subd. (c).) This prima facie inquiry is limited. If, taking the petitioner's factual allegations as true, petitioner would be entitled to relief if his or her factual allegations were proved, the court must issue an order to show cause. " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, at p. 971.)

While this case was pending on appeal, the Legislature enacted Senate Bill 775 (2021-2022 Reg. Sess.) that amended section 1170.95 to, among other changes, (1) codify the holdings of *Lewis, supra,* 11 Cal.5th 952 to statutorily require the appointment of counsel at the prima facie review stage if requested along with an opportunity for briefing; (2) provide for a hearing at the prima facie stage; (3) affirm the standard of proof at the order to show cause hearing is proof beyond a reasonable doubt; and (4) clarify what evidence a court may consider at that hearing. (§ 1170.95.) Senate Bill 775 was effective January 1, 2022. The People agree it is applicable to all cases, such as defendant's, not final on appeal as of the effective date of the statute. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 306-308.)

Relying on Senate Bill 775 and *Lewis*, defendant argues that the trial court erred when it summarily denied the petition without first appointing counsel. Defendant also claims that under newly enacted Senate Bill 775, the trial court improperly relied on the evidence in the trial record and the application of the "substantial evidence" test at the prima face stage is inappropriate.

Our conclusion that defendant is ineligible for relief under section 1170.95 is not impacted by any lack of procedural compliance in this case. First, we disagree that the trial court engaged in improper factfinding or impermissibly relied on the record of conviction in denying the petition. The trial court merely identified a factual determination that is already part of defendant's record of conviction, which refutes defendant's claim of eligibility for relief under section 1170.95. Under *Lewis*, the trial

7

court is permitted to examine readily ascertainable facts in the record of the conviction at the prima facie stage to determine whether they refute the allegations made in the petition. (*Lewis, supra*, 11 Cal.5th at p. 971.) Contrary to defendant's claim, the "substantial evidence" test was never implicated.

Next, although we conclude that two procedural errors occurred, any error was harmless. Applying *Lewis*, we agree with the parties that the trial court erred by failing to appoint counsel to represent defendant upon the filing of the complying petition. (*Lewis, supra,* 11 Cal.5th at p. 966; § 1170.95, subd. (b)(3).) Additionally, although not expressly addressed by the parties, Senate Bill 775 now requires a hearing at the prima facie stage. (§ 1170.95, subd. (c).) The *Lewis* court determined that the right to counsel under section 1170.95 was created under state law and when an error of state law occurs, the *Watson*[4] harmless error test applies. (*Lewis*, at p. 973.) By extension, the error in failing to conduct a now statutorily mandated prima facie hearing must also be analyzed as harmless error. More specifically, defendant has the burden of showing it is reasonably probable that his petition would have proceeded to an evidentiary hearing under subdivision (d) of section 1170.95 if counsel had been appointed and a prima facie hearing had been held. (*Lewis*, at p. 974; see also *People v. Watson, supra*, 46 Cal.2d at p. 836.)

Here, the assertions made in the petition that defendant was not an aider and abettor with intent to kill and was not a major participant in the felony who acted with reckless indifference to human life were refuted by the jury's special circumstance findings. The jury made those findings upon a determination that defendant was proved to be, beyond a reasonable doubt, either an aider and abettor with intent to kill or a major participant who acted with reckless disregard for human life. These jury findings remain

---

[4] *People v. Watson* (1956) 46 Cal.2d 818.

8

a part of the record of conviction unless vacated through habeas corpus procedure and the appointment of counsel and a prima facie hearing would not have impacted its relevance in the trial court's denial of the petition.  Although defendant argues that counsel could have presented the trial court with the legal authority for allowing the petition to move forward notwithstanding the special circumstance findings, there is nothing in the record to indicate the trial court was unaware of the state of the law in making its ruling.  (Cf. *Ross v. Superior* Court (1977) 19 Cal.3d 899, 913 [in the absence of any contrary evidence, the court presumes that the trial court performed its official duty and properly followed established law].)  Thus, contrary to defendant's claim, it is not reasonably probable that, with the assistance of counsel or a prima facie hearing, his petition would not have been denied and the error was harmless.  The enactment of Senate Bill 775 does not alter the analysis or remedy in this matter.  Defendant's ineligibility for relief remains the same under the new law.

DISPOSITION

The trial court's denial of defendant's section 1170.95 petition is affirmed.


                                        /s/
                                    RAYE, P. J.



We concur:



     /s/
MAURO, J.



     /s/
HOCH, J.

9